DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Ottawa County Municipal Court wherein appellant was convicted on one count of driving with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(3).
Appellant, Vincent Beck, appeals his conviction and asserts the following assignment of error:
 "THE TRIAL COURT VIOLATED MR. BECK'S CONSTITUTIONAL RIGHT TO PRESENT A COMPLETE AND EFFECTIVE DEFENSE WHEN IT EXCLUDED THE "KNOW YOUR LIMIT" CARD ISSUED BY THE OHIO DEPARTMENT OF HIGHWAY SAFETY."
During the evening of July 17, 1999, appellant was driving home following a trip to Put-in-Bay Island when he rear-ended an automobile driven by Thomas Jennings. Appellant claims that the cause of the accident was brake failure, and not his alcohol consumption. At trial, appellant testified that he drank six beers over an eight-hour period between 11:00 a.m. and 7:00 p.m., and that he had determined he was not impaired and was able to drive by taking a walk after he arrived on the mainland and before getting into his car to drive home. Appellant said that he had a pitcher of beer spilled on him at one of the bars on the island, but that he did not tell police this at the scene of the accident. Jennings testified that other than the smell of alcohol on appellant, he did not notice that appellant was impaired when he and appellant exchanged information about the accident.
Port Clinton Police Officer Ralph Edmonds, who arrived at the scene shortly after the accident, testified that appellant had glassy eyes and a strong odor of intoxicants on his breath and person, and exhibited slurred speech and unsteadiness on his feet. Officer Edmonds administered five field sobriety tests, all of which appellant had problems completing. Prior to one of those tests which involved raising one foot off the ground while counting, appellant told Officer Edmonds he had a bad right leg. The officer then had appellant try the test using his left leg, but appellant was unable to do so.
The officer placed appellant under arrest for operating a vehicle under the influence of alcohol and transported him to the Port Clinton Police Department where appellant submitted to a breath test. The test indicated appellant had a blood alcohol concentration of .288, nearly three times the legal limit. Appellant was charged with operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1), and operating a motor vehicle with a blood alcohol concentration over .10, in violation of R.C. 4511.19(A)(3).
The admission or exclusion of evidence by a trial court will not be reversed on appeal absent a clear and prejudicial abuse of discretion.O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Relevant evidence is generally admissible, irrelevant evidence is not. Evid.R. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. In addition, even if relevant, evidence is nevertheless inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." Evid.R. 403(A).
Furthermore, pursuant to R.C. 4511.19(D) and 3701.143, the Director of the Ohio Department of Health ("ODH") has the authority to promulgate regulations for determining methods for analyzing a person's breath in order to ascertain the amount of alcohol in that person's breath.
During trial in this case, when counsel for appellant attempted to introduce the "Know Your Limit" card through his client's direct testimony, the trial court objected to its use based on Evid.R. 403(A). Appellant's counsel then proffered that the state of Ohio had published and distributed the card which allowed individuals to calculate what their blood alcohol level was based on their weight, the number of drinks they had, and the time period during which they drank them. Appellant now asserts that the trial court should have taken judicial notice of the card because the Ohio Supreme Court noted the card in a footnote in Statev. Tanner (1984), 15 Ohio St.3d 1.
In State v. Scheiber, the Eleventh District Court of Appeals acknowledged that the Ohio Supreme Court had cited the information on the card in a footnote in State v. Tanner, supra, a case in which the court unanimously upheld the constitutionality of R.C. 4511.19(A)(2). State v.Scheiber (August 1, 1986), Lake App. No. 11-100, unreported. However, theScheiber court went on to state:
 "While the "Know Your Limit" chart is pertinent to the constitutionality of R.C. 4511.19(A)(2), we hold that such chart is neither relevant or pertinent to the question of whether the intoxilyzer reading for defendant exceeded the limit provided by R.C. 4511.19(A)(2). The information on such chart is general in scope rather than specifically applying to instant case. Furthermore, such information is a publication of the Ohio Department of Highway Safety while R.C. 4511.19(B) provides that the Ohio Department of Health shall provide the methods of analyzing bodily substances to determine the amount of alcohol in a person's body."
But see State v. Pieren (May 16, 1990), Columbiana App. No. 89-C-22, unreported.
We are persuaded by the reasoning of the Eleventh District. Therefore, based upon the foregoing and upon review of this case as a whole, we cannot say that the trial court abused its discretion by excluding the `Know Your Limit' card.
Accordingly, appellant's assignment of error is found not well-taken and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 James R. Sherck, J., Mark L. Pietrykowski, P.J. CONCUR.